IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LANCE DANIEL WELLS**
**ADC# 553000**                                                                                      **PLAINTIFF**

**V.**                         **CASE NO. 5:18-CV-52-BSM-BD**

**SHANE GREEN,** *et al.*                                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. All objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

### II.   Background

Plaintiff Lance Daniel Wells filed this case without the help of a lawyer under 42 U.S.C. § 1983. His claims arise from an incident at the Sheridan Detention Center (Detention Center) when Mr. Wells was incarcerated there. (Docket entry #2) In his complaint, Mr. Wells alleges that Defendants Green and Ponder[1] physically assaulted

---

[1] The Clerk is directed to change the name of Defendant David Palmer to David Ponder.

him by ramming him into steel rails and concrete walls and "tased" him while he was handcuffed. He further alleges that Defendants Irvy, McCallister and Wilkerson failed to stop the assault and that the Defendants failed to provide him adequate medical care after the assault. (#2)

Defendants Green, Irvy, McCallister, Ponder, and Wilkerson (Defendants) have now filed a motion for summary judgment. (#53) Mr. Wells did not respond to the Defendants' motion, and the response deadline has passed.

### III. Standard

In a summary judgment, the court rules in favor of a party before trial. A moving party is entitled to summary judgment only if the evidence shows that there is no genuine dispute as to any fact that is important to the outcome of the case. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322B23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). If there is a dispute about important facts, the case cannot be decided on summary judgment.

As movants, the Defendants must produce evidence showing that there is no real dispute about any fact that would make a difference in how the case is decided. If they meet this burden, Mr. Wells must respond by producing evidence that contradicts Defendants' evidence. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

---

(#53)

Mr. Wells did not timely respond to the Defendants' Motion for Summary Judgment or to their Statement of Undisputed Facts. Defendants, therefore, filed a Motion for the Facts to be Deemed Admitted pursuant to Local District Court Rule 56.1. (#57) Pursuant to Local District Court Rule 56.1, all material facts set forth in the statement filed by the moving party are deemed admitted unless controverted by a statement of facts filed by the non-moving party. Accordingly, Defendants' motion (#57) is GRANTED, and the Court deems the Defendants' version of the facts admitted.

## IV. Facts

On the night of January 22, 2018, Officer Jill Grant (not a party to this lawsuit) and Defendant McAllister noticed on security cameras that Mr. Wells was starting a fire in C-Pod of the Detention Center. (#54-2) At 10:43 p.m., Officer Grant and Defendant McAllister sent a text message to Defendant Green, the Detention Center administrator, informing him of the occurrence. (#54-1; #54-2; #54-3; #53-4)

When Defendant Green arrived at the Detention Center, he and Defendants Wilkerson, Ponder, McCallister and officer Grant walked to C-Pod.[2] (*Id.*) Defendants Green and Wilkerson entered C-Pod and instructed the inmates to stand against the wall. (*Id.*) Defendant Green instructed Mr. Wells to step out of his cell. (*Id.*) As Mr. Wells approached the door, he pulled away from Defendant Green and resisted his commands. (*Id.*) Defendant Green placed Mr. Wells against the wall, patted him down, and escorted

---

[2] Defendant Irvy was not involved in this incident. (#54-3)

him to the booking area. Meanwhile, officer Grant and Defendant McCallister walked the other inmates to the visitation area. (*Id.*)

While Defendants Wilkerson, McAlister, Ponder, and officer Grant searched C-Pod, Defendant Green placed Mr. Wells in a holding cell. (#54-3, p.4) After securing Mr. Wells, Defendant Green went to C-Pod to assist with the search. (*Id.*) Defendants found tattooing contraband and multiple prescription pills in C-Pod. (#54-1; #54-2; #54-3; #53-4) These items were shown to Mr. Wells before searching the remaining inmates and returning them to C-Pod. (*Id.*)

While in the holding cell, Mr. Wells requested his commissary items. Defendant Green brought Mr. Wells his commissary items and spoke with him for several minutes. (#54-3) Mr. Wells remained in the holding cell overnight and was transferred the next day, January 23, 2018, to the custody of Camden Police Department. (#54-1; #54-2; #54-3; #53-4)

At no point was Mr. Wells handcuffed or tased by any employee of the Detention Center. (#54-2; #54-3; #54-4)

V. **Official Capacity Claims**

A suit against city employees, in their official capacities, is a suit against the city itself. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005). In a § 1983 action, a city may not be held vicariously liable for the acts of its employees. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978); *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Instead, a

4

city may be held liable if "the violation resulted from: (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Smithrud v. City of St. Paul*, 746 F.3d. 391, 397 (2014); *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (quoting *Monell*, 436 U.S. at 690-91).

Here, Mr. Wells does not allege that he suffered an injury as the result of any unconstitutional policy or custom of the City of Sheridan; nor does he allege that he was injured because of the City of Sheridan's failure to train or supervise its employees. Accordingly, Mr. Wells's claims against the Defendants should be dismissed.

## VI. Individual Capacity Claims

### A. Excessive Force

To prevail on an Eighth Amendment excessive-force claim, a convicted prisoner must demonstrate that the defendant used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline."[3] *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair,* 707 F.3d 984, 990 (8th Cir. 2013). Relevant factors include the need for force, the relationship between the need and the

---

[3] Mr. Wells states in his complaint that he was serving his sentence as a convicted prisoner at the time of the incident; Defendants, however, state that Mr. Wells was a pretrial detainee at the time of the incident. (#2, p.3) The excessive-force analysis for a pretrial detainee falls under the Fourteenth Amendment and focuses on whether a defendant's purpose in using force was to injure, punish, or discipline the detainee. *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014); *Putman v. Gerloff*, 639 F.2d 415, 419 (8th Cir. 1981). There is no evidence that Defendants Green or Ponder used force to injure, punish, or discipline Mr. Wells. His excessive-force claims fail whether analyzed under the Eighth or Fourteenth Amendment.

5


amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Mr. Wells alleges that he was roughed up and tased while handcuffed; but his allegations are completely unsubstantiated. According to the Defendants' version of the facts, which have been deemed admitted, Mr. Wells started a fire in C-Pod, then resisted Defendant Green's efforts to escort him to the booking area. Defendant Green's conduct in placing Mr. Wells against a wall and patting him down, in light of the circumstances, was reasonable.

Mr. Wells did not suffer any constitutional violation at the hands of Defendant Green or Defendant Ponder. Therefore, Defendants Green and Ponder are entitled to qualified immunity; and Mr. Wells's excessive-force claims against Defendants Green and Ponder fail as a matter of law.

    B.    Failure to Protect

In a § 1983 action, a prison guard can be held liable if he sees another guard using excessive force against a prisoner but fails to stop the attack. *See Krout v. Goemmer,* 583 F.3d 556, 565 (8th Cir. 2009). Here, however, because Defendants Green and Ponder did not use excessive force against Mr. Wells, his failure-to-protect claims against Defendants Irvy, McCallister and Wilkerson also fail. They, too, are entitled to qualified immunity.

    C.    Inadequate Medical Care

The Eighth Amendment's cruel and unusual punishment clause allows prisoners to

6

sue prison officials who are deliberately indifferent to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-08 (1976). To succeed on an inadequate-care claim, a prisoner must demonstrate that he had an objectively serious medical need and that jail officials knew of, but deliberately disregarded, that serious medical need. *Id*.; *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Mr. Wells contends that Defendants refused to provide him medical treatment after he submitted numerous requests for treatment. (#2) He has not provided any evidence, however, to show that he suffered from a serious medical need. Having failed to demonstrate a serious medical need, Mr. Wells's inadequate-care claims fail as a matter of law. Defendants are entitled to qualified immunity.

### VII. Conclusion

Defendants' motion to deem the facts admitted (#57) is GRANTED, and their motion for summary judgment on the merits of Mr. Wells's claims (#53) should be GRANTED. All claims should be DISMISSED, with prejudice.

DATED this 11th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE